1

2

3

4

5

6

7

8                        **IN THE UNITED STATES DISTRICT COURT**

9                       **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   KONONOV VITALY,                              No.  2:22-CV-1916-DMC-P

12                   Plaintiff,

13          v.                                    ORDER

14   SACRAMENTO COUNTY SHERIFF
     DEPARTMENT, et al.,
15
                     Defendants.
16

17

18              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 8,

20   filed as-of-right under Federal Rule of Civil Procedure 15 and which supersedes Plaintiff's

21   original complaint.

22              The Court is required to screen complaints brought by prisoners seeking relief

23   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

24   § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

25   initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel.

26   Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

27   portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

28   be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See

                                                  1

28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff's amended complaint names as defendants the Sacramento County Sheriff's Department, the Sacramento County Main Jail, and Warden Scott R. Jones.  See ECF No. 8.  Elsewhere in the amended complaint Plaintiff lists the following deputies: (1) M. Morgan; (2) Drummond; (3) Papa; (4) Burgess; (5) Kbak; (6) Lang; (7) Woods; (8) Wildhaber; (9) J. Johnson; (10) Koran; (11) Ferrera; (12) B. Fall. Plaintiff alleges various Eighth Amendment violations. See ECF No. 8, pg. 9.  It is not clear, however, whether he intends these individuals to be defendants to the action and, as discussed below, the amended complaint does not appear to contain any specific factual allegations as to the deputies.

Plaintiff states that he is being deprived of basic necessities. See ECF No. 8, pg. 4. He alleges that he has not had access to day rooms, night rooms, outdoor recreation, and has been deprived of personal hygiene products. See id. Plaintiff's complaint appears to allege that he has been deprived of "out of cell" time for about three weeks. See id., pgs. 5-6. Plaintiff states that he has not had access to the following hygiene: showers; grooming; haircuts; cosmetology; hair comb; toothbrush; toothpaste; soap; and toilet paper. He further alleges that he has not had access to cleaning supplies, television, tablets, telephones, legal help, such as attorneys, or religious services. Id. Plaintiff contends that his cell "is extremely contaminated with unknown . . .

1   chemicals." Id.

2          Next, Plaintiff alleges that at the time of his arrest, the Sacramento Sheriff's

3   deputies and Elk Grove Police Department broke his arm while he was handcuffed. Id. at 6. He

4   further alleges that he has been "refused medical services" for his "broken ulna." Id. Plaintiff

5   states that Defendants "denied and refused" him orthopedic doctors and denied his request to

6   have a "one-day surgery" at UC Davis Hospital. Id. at 10.

7          Finally, Plaintiff contends that he is being denied accommodations under the

8   Americans with Disabilities Act (ADA) but does not specify how so. See generally id. Rather, in

9   the section in which he alleges ADA non-compliance, he states that the Defendants are "denying

10   [him] this grievance." Id. at 10.

11

12   **II.  DISCUSSION**

13          Plaintiff's complaint suffers a number of defects.  First, Plaintiff has failed to

14   allege facts to establish the municipal liability of either the Sacramento County Sheriff's

15   Department or the Sacramento County Main Jail.  Second, Plaintiff has failed to allege facts to

16   establish the supervisory liability of Warden Jones.  Finally, Plaintiff has failed to allege any facts

17   to link a named defendant or any of the deputies to a constitutional violation.  The applicable

18   legal standards are outlined below, and Plaintiff will be provided an opportunity to amend.

19       A.    **Municipal Liability**

20          Municipalities and other local government units are among those "persons" to

21   whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).

22   Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at

23   691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local

24   government unit, however, may not be held responsible for the acts of its employees or officials

25   under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S.

26   397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of

27   the actions of its employees or officers. See id. To assert municipal liability, therefore, the

28   plaintiff must allege that the constitutional deprivation complained of resulted from a policy or

1   custom of the municipality. See id.

2          Plaintiff names as defendants the Sacramento County Sheriff's Department as well

3   as the Sacramento County Jail, both of which are agencies of Sacramento County.  Plaintiff has

4   not, however, alleged any facts as to a municipal policy or custom which resulted in a

5   constitutional violation.  Plaintiff will be provided leave to amend.

6          **B.   Supervisory Liability**

7          Supervisory personnel are generally not liable under § 1983 for the actions of their

8   employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

9   respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

10  violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

11  Supreme Court has rejected the notion that a supervisory defendant can be liable based on

12  knowledge and acquiescence in a subordinate's unconstitutional conduct because government

13  officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

14  and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory

15  personnel who implement a policy so deficient that the policy itself is a repudiation of

16  constitutional rights and the moving force behind a constitutional violation may, however, be

17  liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

18  Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

19         When a defendant holds a supervisory position, the causal link between such

20  defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

21  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

22  1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

23  civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

24  Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

25  official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

26  / / /

27  / / /

28  / / /

4

1    As with the municipal defendants, Plaintiff has not alleged facts to show Warden

2    Jones' personal involvement.  Plaintiff cannot pursue a claim against Jones based on the theory of

3    respondeat superior liability.  Plaintiff will be provided leave to amend to clarify his claims

4    against Warden Jones.

5         **C.    Causal Link**

6         To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

7    connection or link between the actions of the named defendants and the alleged deprivations.  See

8    Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

9    person 'subjects' another to the deprivation of a constitutional right, within the meaning of

10   § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

11   an act which he is legally required to do that causes the deprivation of which complaint is made."

12   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

13   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

14   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

15   specific facts as to each individual defendant's causal role in the alleged constitutional

16   deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

17        As to all defendants, Plaintiff has not alleged facts to establish a causal connection

18   to a constitutional violation.  This is true as well for the various deputies mentioned in the

19   complaint to the extent Plaintiff intends to pursue claims against any of them.  Plaintiff will be

20   provided leave to amend.

21

22                            **III.  CONCLUSION**

23        Because it is possible that the deficiencies identified in this order may be cured by

24   amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

25   action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

26   informed that, as a general rule, an amended complaint supersedes the original complaint.  See

27   Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

28   amend, all claims alleged in the original complaint which are not alleged in the amended

complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

complete in itself without reference to any prior pleading.  See id.

    If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

each named defendant is involved, and must set forth some affirmative link or connection

between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

    Finally, Plaintiff is warned that failure to file an amended complaint within the

time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

    Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's first amended complaint is dismissed with leave to amend; and

    2. Plaintiff shall file a second amended complaint within 30 days of the date

of service of this order.

Dated:  July 31, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6