IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONONOV VITALY,<br><br>          Plaintiff,<br><br>     v.<br><br>SACRAMENTO COUNTY SHERIFF DEPARTMENT, et al.,<br><br>          Defendants. | No.  2:22-CV-1916-DMC-P<br><br><br><br>ORDER |

   Plaintiff, who is pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 12.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint.  See ECF No. 1.  Plaintiff then filed a first amended complaint as of right on January 23, 2023.  See ECF No. 8.  On July 31, 2023, the Court issued an order dismissing Plaintiff's first amended complaint with leave to amend.  See ECF No. 11.  Plaintiff filed the currently pending second amended complaint on August 25, 2023.  See ECF No. 12.

### B. Plaintiff's Allegations

Plaintiff now names the following as defendants: (1) Rio Consumnes Correctional Center (RCCC), a branch of the Sacramento County Main Jail; (2) Sacramento County Sheriff's Department (SCSD); (3) Fong, (4) Lee, (5) Marques, (6) Ferrera, (7) Campbell, (8) Delgado, (9) Carucci, (10) Leight, (11) Rhodes, (12) Leon, (13) Fancher, (14) Ryan, (15) Leahy, (16) Lieutenant Peterson, (17) Vice, and (18) Scott R. Jones, the Sacramento County Sheriff.  See id. at 2. All individual defendants, with the exception of Defendant Jones, are alleged to be jail officials at RCCC.  See id.  Though the second amended complaint is disjointed and extremely difficult to decipher, it appears that Plaintiff asserts three claims for relief.

/ / /

/ / /

/ / /

<u>Claim I</u>

In his first claim, Plaintiff alleges that various jail officials at RCCC deprived Plaintiff of his right to the dayroom, showers, and hygiene. See id. at 3. Plaintiff references the "Sacramento County Sheriff's Office Correctional Services Inmate Handbook," which states that each housing pod must be scheduled for a minimum of 17 hours per week for recreation. See id. at 3, 12. Plaintiff claims that Defendants Leahy and Vice denied, deprived, and refused him access to the dayroom, showers, telephones, and television for three weeks from August 4, 2023, to August 25, 2023. See id. at 3. Plaintiff claims to have a skin rash "all over [his] body" because of this treatment. See id. Plaintiff refers to a "No Out of Cell Time Log" that he has kept, detailing the days on which particular jail staff denied him dayroom access. See id. at 3, 7-10.

Plaintiff asserts that depriving him of access to the dayroom and showers with "cruel malice [sic] intent" caused him to sustain great physical, mental, emotional, and spiritual injury and harm. See id. Plaintiff claims that Defendants Leahy and Vice denied and refused him the opportunity to submit grievances and appeals on this issue. See id.

<u>Claim II</u>

In his second claim, Plaintiff alleges that he was denied access to the yard, outdoor recreation, and exercise. See id. at 4. Plaintiff refers again to the "Sacramento County Sheriff's Office Correctional Services Inmate Handbook," which states that "county inmates shall receive at least three hours of outdoor recreation per calendar week." See id. According to the complaint, Defendants Leahy and Vice deprived Plaintiff of outdoor recreation and denied and refused the opportunity to submit grievances and appeals for the issue. See id. Plaintiff claims that these defendants denied, refused, and deprived him of his "prisoners [sic] rights." See id.

Plaintiff claims that the lack of outdoor recreation and being prevented from joining yard exercise modules caused him health hazards and atrophy of his legs, as well as great bodily and physical harm. See id. Plaintiff states that these deprivations have hindered his rehabilitation. See id.

/ / /

/ / /

Claim III

In his third claim, Plaintiff states that Defendants retaliated against Plaintiff for initiating both this action and others. See id. at 5. According to Plaintiff, Defendants locked Plaintiff in his cell and told him it was for "the safety and security of the institution and [himself]," which Plaintiff claims does not justify "violating [his] prisoners [sic] rights." See id. Plaintiff states that he has not been let out of his cell because deputies are retaliating against him. See id. According to the complaint, he was deprived of the basic necessities of life with deliberate, intentional, cruel, and "malice [sic]" intent, which caused him to sustain great bodily, spiritual, mental, emotional, and physical injury and harm. See id.

## II. DISCUSSION

The Court finds that Plaintiff's second amended complaint states cognizable conditions-of-confinement claims under the Eighth Amendment against Defendants Leahy and Vice in Claim I and Claim II. Plaintiff's second amended complaint, however, suffers a number of defects. First, Plaintiff has failed to allege facts to establish the municipal liability of either SCSD or RCCC, both of which are arms of Sacramento County. Second, Plaintiff has failed to allege facts to establish the supervisory liability of Sheriff Jones. Third, as to Claim III, Plaintiff has not alleged facts to establish a link between any named defendant and Plaintiff's claim of retaliation.

### A. **Municipal Liability**

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the

plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Plaintiff names as defendants the SCSD and RCCC, both of which are agencies of Sacramento County. Plaintiff has not, however, alleged any facts as to a municipal policy or custom which resulted in a constitutional violation. This defect was identified with respect to Plaintiff's first amended complaint. Plaintiff will be provided one further opportunity to amend.

**B.    Supervisory Liability**

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

///

///

5

As with the municipal defendants, Plaintiff has not alleged facts to show Sheriff Jones' personal involvement. Plaintiff cannot pursue a claim against Jones based on the theory of respondeat superior liability. This defect was also previously identified. Plaintiff will be provided one further opportunity to amend to clarify his claims against Sheriff Jones.

### C. Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

As to Claim III, Plaintiff has not alleged facts to establish a causal connection between any named defendant and the claimed instances of retaliation. Because this defect was previously identified and continues to persist, Plaintiff will be provided one further opportunity to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An

6

amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated:  June 13, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE