1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    VITALY V. KONONOV,                          No.  2:22-CV-1916-DAD-DMC-P

12                    Plaintiff,

13          v.                                     <u>FINDINGS AND RECOMMENDATIONS</u>

14    LEAHY, et al.,

15                    Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18    U.S.C. § 1983.   Pending before the Court is Defendants' motion to dismiss, ECF No. 32. Plaintiff

19    has not filed an opposition.

20              In considering a motion to dismiss, the Court must accept all allegations of

21    material fact in the complaint as true.  See <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007).  The

22    Court must also construe the alleged facts in the light most favorable to the plaintiff.  See <u>Scheuer</u>

23    <u>v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>see also</u> <u>Hosp. Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S.

24    738, 740 (1976); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

25    ambiguities or doubts must also be resolved in the plaintiff's favor.  See <u>Jenkins v. McKeithen</u>,

26    395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

27    factual allegations, need not be accepted.  See <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009).

28    In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

                                                   1

1    See Haines v. Kerner, 404 U.S. 519, 520 (1972).

2         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

3    of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of

4    what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S.

5    544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, to survive

6    dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a

7    formulaic recitation of the elements of a cause of action;" it must contain factual allegations

8    sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint

9    must contain "enough facts to state a claim to relief that is plausible on its face." Id.  at 570.  "A

10   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

11   the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.

12   at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

13   than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S.

14   at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

15   it 'stops short of the line between possibility and plausibility for entitlement to relief." Id.

16   (quoting Twombly, 550 U.S. at 557).

17        In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

18   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

19   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

20   documents whose contents are alleged in or attached to the complaint and whose authenticity no

21   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

22   and upon which the complaint necessarily relies, but which are not attached to the complaint, see

23   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

24   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

25   1994).

26        Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

27   amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

28   curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

# I. BACKGROUND

### A.    Procedural History

Plaintiff initiated this action with a pro se complaint.  See ECF No. 1.  Plaintiff then filed a first amended complaint as of right on January 23, 2023.  See ECF No. 8.  On July 31, 2023, the Court issued an order dismissing Plaintiff's first amended complaint with leave to amend.  See ECF No. 11.  Plaintiff filed a second amended complaint pursuant to the Court's order. See ECF No. 12.  On June 14, 2024, the Court issued an order addressing the sufficiency of the second amended complaint.  See ECF No. 15. In that order, the Court determined as follows:

> The Court finds that Plaintiff's second amended complaint states cognizable conditions-of-confinement claims under the Eighth Amendment against Defendants Leahy and Vice in Claim I and Claim II. Plaintiff's second amended complaint, however, suffers a number of defects. First, Plaintiff has failed to allege facts to establish the municipal liability of either SCSD [Sacramento County Sheriff's Department] or RCCC [Rio Consumnes Correctional Center], both of which are arms of Sacramento County. Second, Plaintiff has failed to allege facts to establish the supervisory liability of Sheriff Jones. Third, as to Claim III, Plaintiff has not alleged facts to establish a link between any named defendant and Plaintiff's claim of retaliation.

ECF No. 15, pg. 4.

Plaintiff was provided an opportunity to file a third amended complaint within 30 days of the date of the Court's order and advised that, if no third amended complaint was filed within the time permitted therefor, the action would proceed on the second amended complaint as to Plaintiff's claims in Claim I and Claim II against Defendants Leahy and Vice, and that the Court would recommend that all other claims and defendants would be dismissed.  See id. at 6-7. As of August 1, 2024, Plaintiff had not filed a third amended complaint and the Court issued findings and recommendations that Plaintiff's Claim III be dismissed and that Defendants Jones, SCSD, and RCCC be dismissed.  See ECF No. 16.  The findings and recommendations were adopted in full by the District Judge on November 14, 2024.  See ECF No. 24.  On November 18, 2024, the Court directed service of the second amended complaint on Defendants Leahy and Vice.  See ECF No. 25.  After waiving service, Defendants Leahy and Vice responded to the second amended complaint by way of the pending unopposed motion to dismiss filed on May 19, 2025.  See ECF No. 32.

3

1

**B.**    **Plaintiff's Allegations**[1]

2       As explained above, this action currently proceeds on Plaintiff's second amended

3   complaint as to Claim I and Claim II against Defendants Leahy and Vice.  See ECF No. 12.

4   Defendants are alleged to be jail officials at RCCC.  See id. at 2.

5       Claim I

6       In his first claim, Plaintiff alleges that various jail officials at RCCC deprived

7   Plaintiff of his right to the dayroom, showers, and hygiene. See id. at 3. Plaintiff references the

8   "Sacramento County Sheriff's Office Correctional Services Inmate Handbook," which states that

9   each housing pod must be scheduled for a minimum of 17 hours per week for recreation. Id. at 3,

10  12.  Plaintiff claims that Defendants Leahy and Vice denied, deprived, and refused him access to

11  the dayroom, showers, telephones, and television for three weeks from August 4, 2023, to August

12  25, 2023. See id. at 3. Plaintiff claims to have a skin rash "all over [his] body" because of this

13  treatment. See id. Plaintiff refers to a "No Out of Cell Time Log" that he has kept, detailing the

14  days on which jail staff denied him dayroom access. See id. at 3, 7-10.

15      Claim II

16      In his second claim, Plaintiff alleges that he was denied access to the yard, outdoor

17  recreation, and exercise. See id. at 4. Plaintiff refers again to the "Sacramento County Sheriff's

18  Office Correctional Services Inmate Handbook," which states that "county inmates shall receive

19  at least three hours of outdoor recreation per calendar week." See id. According to the complaint,

20  Defendants Leahy and Vice deprived Plaintiff of outdoor recreation and denied and refused the

21  opportunity to submit grievances and appeals for the issue. See id. Plaintiff claims that these

22  defendants denied, refused, and deprived him of his "prisoners [sic] rights." Id.

23  / / /

24  / / /

25  / / /

26  / / /

27

28      [1]    The Court's summary focuses on the remaining Claim I and Claim II.

## II. DISCUSSION

In their motion to dismiss, Defendants argue that Plaintiff's allegations are insufficient to assert an Eighth Amendment claim.  See ECF No. 32-1, pgs. 5-6.  Defendants also contend that Plaintiff's allegations are insufficient because they do not establish a causal link between either remaining defendant and a violation of Plaintiff's Eighth Amendment rights.  For the reasons discussed below, the Court agrees that Plaintiff does not state a cognizable conditions-of-confinement claim under the Eighth Amendment.[2]

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

"The Constitution 'does not mandate comfortable prisons.'" Farmer, 511 U.S. at 832 (quoting Rhodes, 452 U.S. at 349); see also Hallett v. Morgan, 296 F.3d 732, 745 (9th Cir. 2002); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).  Conditions of confinement may, consistent with the

---

[2] Because the Court finds that the facts alleged in the second amended complaint and documents attached thereto upon which it relies do not state a claim for relief, it is not necessary to address whether Plaintiff has alleged facts to show a sufficient causal connection to either remaining defendant.

1  Constitution, be restrictive and harsh.  See Rhodes, 452 U.S. at 347; Morgan v. Morgensen, 465

2  F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v.

3  Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc).  Prison officials must, however, provide

4  prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint,

5  801 F.2d at 1107; see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Wright v.

6  Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

7           When determining whether the conditions of confinement meet the objective

8  prong of the Eighth Amendment analysis, the court must analyze each condition separately to

9  determine whether that specific condition violates the Eighth Amendment. See Toussaint, 801

10 F.2d at 1107; Wright, 642 F.2d at 1133.  "Some conditions of confinement may establish an

11 Eighth Amendment violation 'in combination' when each would not do so alone, but only when

12 they have a mutually enforcing effect that produces the deprivation of a single, identifiable human

13 need such as food, warmth, or exercise – for example, a low cell temperature at night combined

14 with a failure to issue blankets." Wilson v. Seiter, 501 U.S. 294, 304 (1991); see also Thomas v.

15 Ponder, 611 F.3d 1144, 1151 (9th Cir. 2010); Osolinski, 92 F.3d at 938-39; Toussaint, 801 F.2d at

16 1107; Wright, 642 F.2d at 1133.  When considering the conditions of confinement, the court

17 should also consider the amount of time to which the prisoner was subjected to the condition.  See

18 Hutto v. Finney, 437 U.S. 678, 686-87 (1978); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir.

19 2005).

20          Defendants argue that Plaintiff's second amended complaint, when considered in

21 conjunction with attached documents upon which the second amended complaint necessarily

22 relies, fails to allege a cognizable conditions-of-confinement claim under the Eighth

23 Amendment. See ECF No. 32-1, pg. 5. The Court agrees.

24          Plaintiff alleges that Defendants denied Plaintiff's request for time outside his

25 cell. See id. The Court may consider the time log Plaintiff attaches to the second amended

26 complaint because the log is a document whose contents are alleged in the complaint and whose

27 authenticity no party questions.[3] See Branch, 14 F.3d at 454. The log, which was prepared by

---

28   [3]      For purposes of their motion to dismiss, Defendants admit the veracity of Plaintiff's time log.

6

Plaintiff to document his requests for time outside his cell, documents multiple times and dates in August 2023 on which Plaintiff was denied dayroom access by different officers. See ECF No. 12 at 7- 10. Except for August 14, 2023, however, Plaintiff alleges that he was denied permission to leave his cell at particular times for periods ranging from minutes to hours.  See id. at 8-10.  In the log, Plaintiff documents denial of requests for dayroom privileges at specific times on twenty-three instances. See id.  As to August 14, 2023, the log prepared by Plaintiff and attached to the second amended complaint suggests that Plaintiff was not allowed any dayroom access that day.

The Eighth Amendment is violated only when, objectively, the official's act or omission is so serious that it results in the denial of the minimal civilized measure of life's necessities. See Farmer, 511 U.S. at 834.  Here, Defendants argue that the denial of permission to leave plaintiff cell at specific times requested by Plaintiff does not indicate that Plaintiff was denied all access to time outside his cell during August 2023.  According to Defendants, Plaintiff's log shows, at best, only that Plaintiff was not allowed out of his cell during the specific times he wanted, not that all time outside his cell was completely denied over the month-long time period.  See ECF No. 32-1, pg. 6.

Defendants conclude that the facts alleged do not show an objectively significant denial of life's necessities and that the single alleged denial of time outside Plaintiff's cell on August 14, 2023, does not amount to a constitutional violation.  See id.  The Court agrees that the temporary denial of time outside of Plaintiff's cell is not, objectively, a substantial deprivation of Plaintiff's Eighth Amendment rights where, as here, there is no allegation of medical effects resulting from denial of time outside of Plaintiff's cell.  See Norwood v. Vance, 591 F.3d 1062, 1070 (9th Cir. 2010); Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7

1

### III.  CONCLUSION

2          Based on the foregoing, the undersigned recommends that Defendants' unopposed

3   motion to dismiss, EFC No. 32, be GRANTED and that this action be dismissed with prejudice

4   for failure to state a claim upon which relief can be granted.

5          These findings and recommendations are submitted to the United States District

6   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

7   after being served with these findings and recommendations, any party may file written

8   objections with the court. Responses to objections shall be filed within 14 days after service of

9   objections. Failure to file objections within the specified time may waive the right to

10  appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12  Dated:  July 15, 2025

13                                                            _____
                                                             DENNIS M. COTA
14                                                           UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28